## HUBBARD *v.* CANAVARA.

1. Automobiles—Through Highways—Contributory Negligence—
Stopping—Imputed Negligence.

   Motorist whose car came upon through highway without stopping on a dry paved approach about 1 a.m. on a clear night early in November and who could have seen upwards of 400 feet to left from which defendants' car rapidly approached with lights burning was, as a matter of law, guilty of contributory negligence imputable to his wife, barring recovery for injuries sustained by her.

2. Negligence—Imputed Negligence—Adult Passengers of Motorist.

   The negligence of a motorist must be imputed to his adult passengers.

Appeal from Dickinson; Bell (Frank A.), J. Submitted October 16, 1940. (Docket No. 88, Calendar No. 41,030.) Decided December 10, 1940.

Case by Hattie Hubbard against Peter Canavara and Joseph Canavara for damages for personal injuries as the result of an automobile collision at a street and highway intersection. Verdict for plaintiff. Judgment for defendant *non obstante veredicto.* Plaintiff appeals. Affirmed.

*O'Hara & Doyle* and *Ray E. MacAllister,* for plaintiff.

*Symonds & Rahm* and *Howard Vielmetti,* for defendants.

North, J. In this case plaintiff seeks to recover damages for personal injuries suffered by her as

---

Burden of care imposed by travel over unfamiliar road with knowledge it must soon be retraversed at night, see 2 Restatement, Torts, § 289, comment f.

Standard of due care and qualities required of a reasonable man in perceiving danger, see 2 Restatment, Torts, § 289.

the result of an automobile collision at the intersection of highways. The car in which she was riding was owned and driven by her husband. The other automobile involved in the accident was owned by defendant Joseph Canavara but was being driven by defendant Peter Canavara. On trial of the case by jury the verdict was in favor of plaintiff; but upon motion for judgment *non obstante veredicto* judgment was ordered in favor of defendants. Plaintiff has appealed.

Early in the evening of November 5, 1938, plaintiff and her husband with three other persons journeyed in an automobile driven by plaintiff's husband to the village of Quinnesec in Dickinson county. On this trip they traveled for some distance in a westerly direction on highway US–2 and when immediately north and some distance from their point of destination they turned south. They attended a gathering in the village. About 1 o'clock of the same night the party started on their return trip. In doing so they drove in a northerly direction on the highway which intersects highway US–2 at right angles at the point where they turned south when coming to the meeting. Mr. Hubbard and the other passengers in his car were cognizant of the fact that highway US–2 was a through highway, notwithstanding they were strangers in the vicinity. They were looking for a stop sign which they believed was erected at the point where they would approach the US highway; but this sign had been temporarily removed. However, as Mr. Hubbard neared highway US–2 his automobile ran upon a concrete approach to the pavement which extended southerly from the traveled portion of US–2 21 feet, and Mr. Hubbard testified that he knew the car was on concrete when all four wheels came upon this approach.

The night was clear and the pavement dry. Mr. Hubbard was proceeding about 10 miles per hour

and testified he could have stopped his car almost instantly. He did not make a full stop as he approached US–2 but he testified he slackened his speed and looked both to the right and to the left and upon reaching the concrete approach he looked to his left again; but he also testified that there were no lights in the vicinity and further: "We did not know it was actually US–2 until we were about to cross it or at least in the center of it. We was well on it before I know it. * * * After I crossed the center line is when I heard the roar of the car coming and the flash of lights and then it hit. * * * It all occurred simultaneously after we passed the center line."

As Mr. Hubbard approached this through highway, US–2, his view to the left was somewhat obstructed by a store building which stood about 20 feet south of the south edge of the concrete on the through street; and to the west of this store the highway curved to the south. Mr. Hubbard testified that as he reached the point where he had a view beyond the store building his vision along the line of US–2 was limited to approximately 200 feet. An engineer called as a witness by defendants testified that a driver in an automobile stopped at this intersection two feet south of the 20-foot pavement on US–2 would have a vision of 444 feet in a westerly direction.

Defendants' car was approaching from the west. The driver is charged with proceeding at a reckless rate of speed and without due regard for the safety of others on the highway. In the village there are speed limit signs of 20 miles per hour on US–2. There is testimony that as defendants' car approached the intersection it slowed down to about 25 miles per hour. The undisputed testimony is that the headlights were burning on this car; but according to testimony on behalf of defendants as

their car approached the point of intersection the Hubbard car "shot right out" into the intersection, that the defendant driver applied his brakes but the collision could not be avoided. It occurred near the center of the intersection, defendants' car striking the Hubbard car on the left rear side.

As Mr. Hubbard approached this intersection, seemingly he intended to turn to the right; but because of the absence of the stop sign and of his lack of personal knowledge of the surroundings, he inadvertently drove out into the center of the east and west through street. While he testified that as he approached the east and west pavement he made observations both to the right and to his left, still the physical facts disclosed by this record are such that no other conclusion can be reached than that defendants' car on its right side of the highway with the lights burning was approaching rapidly within Mr. Hubbard's view before he entered upon the traveled portion of the east and west highway and while he was at a point where he could have stopped his car in a place of safety. This he did not do, and the accident resulted. Plaintiff is an adult person, and negligence of her driver must be imputed to her. Regardless of the question as to whether or not the driver of defendants' car was guilty of negligence, it must be held as a matter of law under the facts in this case that plaintiff's driver was guilty of contributory negligence, and it follows that she cannot recover.

Judgment entered in the circuit court is affirmed, with costs to appellees.

BUSHNELL, C. J., and SHARPE, BOYLES, CHANDLER, McALLISTER, WIEST, and BUTZEL, JJ., concurred.