TAYLOR *v.* WILLIAMSON.

1. AUTOMOBILES—INTERSECTIONS—DUTY OF OBSERVATION.
   Generally, where view of intersection is open, observation by motorists approaching it must be made and maintained.

2. SAME—CONTRIBUTORY NEGLIGENCE OF PLAINTIFF'S DRIVER—FAILURE TO CONTINUE OBSERVATION.
   In passenger's action against other motorist involved in accident at intersection for injuries sustained, plaintiff's driver was negligent as a matter of law where he made observation as to traffic on intersecting but not inferior road while 110 to 130 feet from intersection at which place he had view for 179 feet on intersecting road but did not maintain observation thereafter nor lessen speed so as to see defendant's car approaching from left, and such negligence being imputable to plaintiff as a matter of law barred recovery.

Appeal from Monroe; Golden (Clayton C.), J. Submitted April 8, 1941. (Docket No. 17, Calendar No. 41,507.) Decided June 2, 1941.

Case by Maggie Taylor against George W. Williamson, for injuries received in an automobile collision. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*John S. Denton* and *Harry Boardman,* for plaintiff.

*Oliver J. Golden* and *William H. Fallon,* for defendant.

WIEST, J. June 4, 1939, at about 6:30 p.m., plaintiff was riding in an automobile, driven by Parke

Function of court and jury on question of contributory negligence, see 2 Restatement, Torts, § 476.

Standard of conduct required of plaintiff, see 2 Restatement, Torts, § 289 and comment (e) and § 475.

Moewe, and, in a collision at a highway intersection, received injuries. In this action to recover damages against defendant, she claimed that Mr. Moewe was driving north on a macadam road and, when about 110 or 130 feet south of the intersection, looked to the east and west along the intersecting gravel road and, seeing no automobile approaching, drove on and defendant's car came from the west and, at the intersection, struck the car in which she was riding. At the close of plaintiff's proofs the court directed a verdict for the defendant on the ground that her driver was guilty of contributory negligence, as a matter of law, in not again looking for oncoming traffic on the crossroad and such negligence, under the rule of imputed negligence, barred recovery.

Defendant approached the intersection from the west upon a gravel road and, upon noticing the other car, applied his brakes, but his car slid into contact with the car in the intersection.

Plaintiff contends the court was in error in holding want of care on the part of Mr. Moewe in not again making observation of the traffic on the other road before entering the intersection, claiming that such question was not one of law but one of fact for the jury.

One road was not superior to the other, although one was macadam and the other gravel. At the southwest corner of the intersection was a schoolhouse with outbuildings which cut off a view to the west of one coming from the south but, when opposite the schoolhouse and 110 feet at least from the intersection, plaintiff's driver had an open view to the west for a distance of 179 feet, which he took, and then drove ahead without lessening speed and without making any further observation.

We have repeatedly held that, as a general rule, where a view is open, observation must be made and maintained.

Conceding the negligence of defendant, plaintiff's driver was guilty of contributory negligence as a matter of law. *Cline* v. *Killingbeck,* 288 Mich. 126. Plaintiff was a guest passenger of full age and the negligence of her driver, under the law of imputed negligence, bars recovery of damages. *Carey* v. *De Rose,* 286 Mich. 321; *Hubbard* v. *Canavara,* 295 Mich. 499.

Affirmed, with costs to defendant.

Sharpe, C. J., and Bushnell, Boyles, Chandler, North, and Butzel, JJ., concurred. McAllister, J., took no part in this decision.