SHOTWELL v. BULTMAN.

1. AUTOMOBILES—RECKLESS DRIVING—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.
   In action and cross action for damages received by the parties in a collision at an intersection, failure of court to charge that defendant who had pleaded guilty to a charge of reckless driving was guilty of negligence as a matter of law was not reversible error if plaintiff himself was guilty of contributory negligence.

2. SAME—INTERSECTIONS—DUTY OF OBSERVATION.
   Generally, where view of intersection is open, observation by motorists approaching it must be made and maintained.

3. SAME—INTERSECTIONS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.
   In action by one motorist against another and cross action by
   defendant against plaintiff, where intersection of city streets
   at which collision occurred at 8:30 a.m. on September 1st was
   without obstruction to view of either motorist of the other for
   well upwards of 100 feet except a telephone pole and a
   flasher signal for nearby railroad crossing, failure of trial
   court to charge jury that defendant who had pleaded guilty
   to a charge of reckless driving was guilty of negligence as a
   matter of law was not reversible error since plaintiff was
   also guilty of negligence as a matter of law.

Appeal from Superior Court of Grand Rapids;
Taylor (Thaddeus B.), J. Submitted October 8,
1942. (Docket No. 45, Calendar No. 42,135.) De-
cided November 24, 1942. Rehearing denied Janu-
ary 19, 1943.

Case by Alvaro F. Shotwell, individually and as
assignee of Hattie May Shotwell, against John H.
Bultman for damages for personal injuries sus-
tained in a collision of automobiles at an intersec-
tion. Cross declaration by defendant against plain-
tiff for damages to defendant's automobile. From a
judgment entered upon a verdict of no cause of ac-
tion as to both parties, plaintiff appeals. Affirmed.

*Fred P. Geib,* for plaintiff.

*Linsey, Shivel, Phelps & Vander Wal,* for
defendant.

BUSHNELL, J. Plaintiff, Alvaro F. Shotwell, on
behalf of himself and as assignee of his wife, brought
this action against defendant and cross plaintiff,
John H. Bultman, for damages resulting from an
automobile collision at the intersection of Elliott
street, Silver avenue, and the double tracks of the
Pere Marquette railroad in the city of Grand Rapids
at about 8:30 a.m., September 1, 1941.

Silver avenue, south of Elliott, is an unimproved street 60 feet wide running north and south. Elliott is a 66-foot street running east and west with a 30-foot pavement in the center. Neither street is protected by a stop sign and neither is a through traffic street. There are no structures to obscure the vision of anyone approaching this intersection either from the west or the south except a house and a tree on the west side of Silver, 118 feet south of the center line of Elliott, and a telephone pole and a flasher signal between the walk and the curb at the southwest corner of the intersection.

Shotwell, who lives a short distance east of the intersection, claims that when he was about 75 feet west of the center of the intersection going east he looked both ways and saw a car coming from his right one short block away. He said he was traveling about 18 miles an hour and slowed down to 15 miles an hour, but did not stop; that when he was practically through the intersection he looked again and saw Bultman's car coming very fast and turning towards him. The Bultman car hit the rear corner of the Shotwell car, overturning it and spinning it around about four times on its top before it finally came to rest against the north curb of Elliott about 90 feet east of the center line of Silver. Both cars were badly damaged and Shotwell's wife was injured.

Bultman's testimony is that he looked to the west and did not see any approaching vehicles, nor did he see the Shotwell car until an instant before the collision. He said that, although he put on his brakes, he could not hold his car enough to avoid the collision. He claims, however, that the cars came together about the center of the intersection.

The day was bright and clear and Shotwell, according to the testimony of a police officer, admitted

that he was partly blinded by the sun and so did not see the car approaching from his right. Bultman admitted on cross-examination that he was also blinded by the sun as he concentrated on looking towards the east and a flasher signal near the southeast corner of the intersection.

After the accident, Bultman pleaded guilty to a charge of reckless driving and Shotwell was found not guilty of violating the right-of-way ordinance.

At the close of the testimony, plaintiff requested the court to charge that defendant was guilty of negligence as a matter of law. This the court refused to do and submitted the case to the jury who brought in a verdict of no cause of action for either party.

Plaintiff filed a motion for new trial, claiming prejudicial error in the court's refusal to instruct the jury that Bultman was not entitled to recover on his cross claim because he was guilty of negligence as a matter of law. The court, in denying this motion, said that the two automobiles reached the intersection at approximately the same time with nothing to obstruct the view of either driver for a considerable distance and that, had either of them maintained the proper lookout, the accident would have been avoided. The trial judge was inclined to agree with plaintiff that defendant was guilty of negligence as a matter of law on his own testimony, but added that he was equally convinced that the plaintiff was also guilty of negligence.

If plaintiff was guilty of negligence, the claimed error is not prejudicial.

Under comparable facts, the court said in *Taylor v. Williamson,* 298 Mich. 251:

"One road was not superior to the other, although one was macadam and the other gravel.  *  *  *

"We have repeatedly held that, as a general rule, where a view is open, observation must be made and maintained.

"Conceding the negligence of defendant, plaintiff's driver was guilty of contributory negligence as a matter of law. *Cline* v. *Killingbeck*, 288 Mich. 126."

See, also, *Sonfilian* v. *Wiedman*, 291 Mich. 697, and authorities therein cited.

The judgment is affirmed, with costs to appellee.

CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred.