SHOEMAKER v. TROMPEN.

1. AUTOMOBILES—LEFT TURN—MOTORCYCLES—DIRECTED VERDICT—
EVIDENCE—NEGLIGENCE.

In northbound motorcyclist's action against left-turning south-
bound motorist for injuries sustained when their respective
vehicles collided, plaintiff's motion for directed verdict in de-
fendant's cross-action was properly denied where testimony
presented a question of fact as to which party was guilty of
negligence which was a proximate cause or whether both were
negligent.

2. SAME—MOTORCYCLES—EVIDENCE.

Evidence in motorcyclist's action against left-turning motorist
who had been traveling in opposite direction and in motorist's
cross-action against the motorcyclist *held*, to justify jury's
verdict of no cause for action by either party.

3. SAME—MOTORCYCLES—SPEED ELSEWHERE THAN AT PLACE OF AC-
CIDENT.

In motorcyclist's action against motorist for injuries sustained
when vehicles collided as defendant made a left turn, admis-
sion of testimony over plaintiff's objection as to his speed at a
point approximately one-half mile south of the place of acci-
dent did not constitute reversible error in view of other testi-
mony by plaintiff and another witness.

4. SAME—MOTORCYCLES—INSTRUCTIONS—REQUESTS TO CHARGE—
NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE.

In motorcyclist's action against left-turning motorist who had
been traveling in opposite direction, in which defendant filed

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur, Automobiles, §§ 669, 675; 38 Am Jur, Negligence,
§§ 344, 348, 351.
[2–5] 5 Am Jur, Automobiles, §§ 287, 289, 324, 325.
[2–5] Right of way at street or highway intersections. 21 ALR
981, 37 ALR 502, 47 ALR 602.
[3] 5 Am Jur, Automobiles, §§ 259, 630.
[5] 5 Am Jur, Automobiles, § 322; 53 Am Jur, Trial, § 527.

a cross-action and jury returned verdict of no cause for action by either party, error alleged by plaintiff in charge to jury as to defendant's negligence, as to contributory negligence and as to proximate cause, especially as to defendant's failure to see oncoming plaintiff, and because of court's failure to give certain requests to charge on such subjects *held*, not reversible error, when charge given is considered in its entirety and which presented such issues to jury in a clear and understandable manner.

5. SAME—MOTORCYCLES—VERDICT—GREAT WEIGHT OF EVIDENCE.
   Verdict of no cause for action for plaintiff motorcyclist or cross-plaintiff motorist in action arising out of collision as the latter made a left turn in front of oncoming plaintiff *held*, not against the great weight of the evidence.

Appeal from Kent; Verdier (Leonard D.), J. Submitted October 5, 1949. (Docket No. 20, Calendar No. 44,433.) Decided December 7, 1949. Rehearing denied January 9, 1950.

Case by Alden Shoemaker against Paul E. Trompen for personal injuries sustained in accident. Cross-action by defendant against plaintiff for damages arising out of same accident. Verdict and judgment of no cause of action as to either party. Plaintiff appeals. Affirmed.

*Mitts & Smith,* for plaintiff.

*Earl Waring Dunn,* for defendant.

NORTH, J. Plaintiff herein seeks recovery for personal injury and property damage which resulted from a collision between plaintiff's motorcycle and defendant's automobile. Defendant filed a cross-action. The jury found neither party was entitled to recover and judgment was entered accordingly. Plaintiff has appealed.

This accident occurred in the day time in Kent county on the east Belt Line highway, a paved thor-

oughfare 20 to 22 feet in width. There were no abnormal weather or traffic conditions. Defendant was on his way to purchase some milk at the Mellema farm home which is on the east side of the paved highway. He was driving his Chevrolet 2-door sedan 30 to 35 miles per hour in a southerly direction on his right-hand side of the highway, and as he approached the Mellema driveway he slackened his speed to 15 or 20 miles per hour before making a left turn preparatory to entering the driveway, ultimately slowing to 5 miles per hour. As defendant was about to turn he had a clear view south along the highway for at least 358 feet where begins a "severe" dip in the highway which would cut off the view of a vehicle in the depression somewhat farther south. A photograph in evidence indicates that from defendant's position as he turned to his left one could see the head of an approaching motorcycle rider at a distance of 552 feet to the south. Defendant testified that before he turned to his left he looked to the south but "saw nothing coming" and that he "continued to look as I made this left-hand turn." That just before the impact he "heard the sound of the motor, I saw him (plaintiff) and into the car he was." As the front wheels of defendant's auto were at or just past the east edge of the cement pavement, plaintiff riding his motorcycle in a northerly direction struck defendant's auto at or slightly to the rear of the hub of the right front wheel. The colliding vehicles were damaged and plaintiff suffered personal injuries.

In substance plaintiff testified that as he approached the point of accident he saw defendant's automobile from a distance of 600 to 700 feet and continued to observe defendant's car until the instant of the collision. He testified he was driving his motorcycle at a speed of 55 to 60 miles per hour; that he saw defendant's automobile proceeding in

a southerly direction on its own or westerly side of the highway. That he saw no evidence of defendant's intention to turn to the left until the vehicles were 85 to 90 feet from each other, when suddenly defendant made a left-hand turn in front of plaintiff's approaching motorcycle, and that it was then too late for plaintiff to avoid collision. The impact was such that plaintiff was thrown upon the hood of defendant's car, into the windshield with such force that it was shattered, and over onto the ground on the northerly side of defendant's automobile.

At the close of all the proofs plaintiff moved for a directed verdict in his favor in defendant's cross-action. This motion was urged on the ground of claimed absence of negligence on plaintiff's part which was a proximate cause and the further ground that defendant (plaintiff in the cross-action) was guilty of contributory negligence as a matter of law. This motion was properly denied because at that time a question of fact was presented as to which of these litigants was guilty of negligence that was a proximate cause or whether both were negligent. *Suarez* v. *Katon*, 299 Mich 38. Further the verdict of the jury, which we think was justified by the testimony, must have been reached on the theory and finding that each of these parties was guilty of negligence which was a proximate cause of the collision. This view of the record is justified not only by the facts disclosed, but also by appellant's strenuously urged contention that defendant as a matter of law was guilty of negligence which had a causal relation to the accident. Hence, the jury could not have found against plaintiff except on the ground that he also was guilty of negligence or at least did not prove his freedom from contributory negligence. See *Shotwell* v. *Bultman*, 303 Mich 193.

Over plaintiff's objection a witness was permitted to testify that at a point approximately one-half

mile south of the place of accident plaintiff was "travelling awful fast, just a streak going by" the witness' motor vehicle which was being driven 28 to 30 miles per hour. In view of plaintiff's own testimony that as he approached the place of accident he was traveling 55 to 60 miles per hour and other testimony that possibly his rate of speed was 70 miles per hour, admission of the noted testimony was not prejudicial.

Appellant urges as grounds for reversal that the trial court did not properly charge the jury (1) as to defendant's negligence, (2) as to contributory negligence, and (3) as to proximate cause. Since the only fair inference from this record is that the jury found each of these litigants guilty of negligence and therefore neither could recover, complaints as to rather technical defects in the charge lose much of their force as grounds of reversible error. This is apparent from the following. As to defendant's duty to make observation before attempting a left-hand turn the court charged:

"It is true as a matter of law that if Shoemaker was at a point in this highway where he was visible and Mr. Trompen didn't see him, the law makes Trompen responsible for seeing what he should have seen, if that be the situation."

On this phase of the case plaintiff submitted 2 quite similar requests to charge, one of which reads:

"I charge you ladies and gentlemen of the jury that the defendant in this case is charged with having seen what was there to be seen and if he failed to see the plaintiff approaching (and) that the plaintiff was within his vision defendant would be guilty of negligence. If such negligence was the proximate cause of this accident and the plaintiff was free of contributory negligence then plaintiff is entitled to recover."

Appellant's criticism is that by failing to give the request as submitted the court did not charge the jury that if defendant failed to see plaintiff who was approaching within the reasonable view of the defendant that would be negligence on defendant's part, and if it was a proximate cause of the accident plaintiff should recover providing the latter was free from contributory negligence. Appellant states in his brief: "The charge as given  *  *  * actually drew no conclusion from the premises stated and gave the jury no information on what to do with such a finding." But even so it is difficult to conclude that plaintiff was prejudiced in view of the fact, as just above noted, that the verdict of the jury plainly discloses a finding that each of these parties was guilty of negligence which was a proximate cause of the accident and, hence, neither could recover. Further it may be added as to the above and other complaints which appellant urges concerning the charge of the court, that our review of the charge as given satisfies us it fairly covered the issues upon which the jury was to pass and presented such issues to the jury in a clear and understandable manner. We have given consideration to the numerous complaints appellant has made of the charge as given and of failure to give requested charges, but our conclusion is that the record discloses no justification for reversal in these particulars; and in our opinion the verdict rendered was not contrary to the great weight of the evidence.

The judgment entered in the circuit court is affirmed, with costs to appellee.

Sharpe, C. J., and Bushnell, Boyles, Reid, Butzel, and Carr, JJ., concurred with North, J. Dethmers, J., concurred in the result.