NUCCIO *v.* SEVERINI.

AUTOMOBILES—PEDESTRIANS—TRAFFIC LIGHT—POLICE OFFICER—IN-
  STRUCTIONS—REQUEST TO CHARGE.

> Northbound plaintiff on east side of intersection controlled by
> a traffic light and who was hit near center of street by
> defendant's eastbound car which had been delayed by other
> traffic but had proceeded against the light upon order of traffic
> officer who testified he had not directed northbound pedestrian
> traffic to cross *held,* not entitled to complain of charge that
> when a police officer was directing traffic at an intersection
> despite the presence of a mechanical signal device, a pedes-
> trian may proceed only when permitted to do so by the officer,
> where plaintiff had not submitted requests to charge that
> traffic light controlled, and had not objected to the charge as
> given (GCR 1963, 516.2).

Appeal from Wayne; McCree (Wade H.), J.
Submitted February 2, 1964. (Calendar No. 35,
Docket No. 50,234.) Decided January 4, 1965.

Declaration by Pauline Nuccio against Armand
Severini for injuries arising out of an automobile-
pedestrian collision on August 7, 1958. Verdict and
judgment for defendant. Plaintiff appeals. Af-
firmed.

*Dann, Rosenbaum, Bloom & Kaufman,* for plain-
tiff.

*Marentay, Rouse, Selby & Webber (Forrest G.
Shaw,* of counsel), for defendant.

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobiles and Highway Traffic § 421.
  Liability for accident at street or highway intersection as affected
    reliance upon or disregard of traffic sign, signal, or marking.
    164 ALR 8.

Per Curiam. Plaintiff was struck and injured by defendant's eastbound car while she was walking north from the southeast corner of the intersection of Michigan avenue and Griswold street in Detroit. Her suit for damages, tried to a jury, resulted in a verdict of no cause. She appeals, as of right, alleging erroneous jury instructions.

At the time and place of plaintiff's injury, a police officer was directing late afternoon rush-hour traffic. The intersection was also controlled by a mechanical signal device. Plaintiff testified that she commenced to cross Michigan avenue when the traffic light turned green for northbound vehicles and pedestrian traffic and the officer had blown his whistle and "made a motion to cross the street". Collision with defendant's car occurred somewhere before plaintiff reached the center of the street. Defendant testified that, while eastbound on Michigan avenue, his path was blocked by a car turning north onto Griswold and, when that car completed its turn, the traffic signal light had turned to red for Michigan avenue traffic but that the police officer signaled him to proceed through the intersection. The police officer confirmed the defendant's testimony and testified further that after signaling defendant to proceed through the intersection, he (the officer) turned toward the south and just as he signaled northbound traffic to proceed, plaintiff was struck by defendant's vehicle. He also testified that he had not previously given plaintiff any signal to proceed across Michigan avenue.

The case was submitted to the jury on the disputed fact issue whether plaintiff had received a signal to cross from the police officer. Without objection from plaintiff's counsel, either at the end of the trial judge's original rendition of the charge or after the charge had been reread to the jury at its request after one full afternoon and the following morning

of jury deliberations, the trial judge charged that when a police officer is directing traffic at an intersection despite the presence of a mechanical signal device, a pedestrian may proceed only when permitted to do so by the officer. Plaintiff now claims this charge was erroneous, that she was entitled to cross on the green light even without a signal from the officer to do so, and that the judge's charge required the jury to find plaintiff guilty of contributory negligence in the event it found the officer had not signaled plaintiff to cross.

Even if plaintiff were correct in her assertion that she was entitled to cross before the officer signaled her to do so, a bare assertion which fails to persuade us, she neglects to draw to our attention anything in the record to indicate that she made a request of the trial judge so to charge the jury. Indeed, defendant advises us that plaintiff submitted no requests to charge nor, as previously noted, did plaintiff at any time object to the charge as given.

Under such circumstances, plaintiff's complaint, even if valid, would be too late in the history of this litigation. *Gilson* v. *Bronkhorst,* 353 Mich 148, *Lober* v. *Sklar,* 357 Mich 166, and *Sarazin* v. *Johnson Creamery, Inc.,* 372 Mich 358. See, also, GCR 1963, 516.2 and its predecessor, Court Rule No 37, § 9 (1945).

Affirmed. Costs may be taxed in defendant's favor.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.