Olga **VECELLIO**, Plaintiff-Appellant,

v.

**JONES MOTOR COMPANY**, Inc., a Pennsylvania Corporation, Defendant-Appellee.

Charles A. **VECELLIO**, Plaintiff-Appellant,

v.

**JONES MOTOR COMPANY**, Inc., a Pennsylvania Corporation, Defendant-Appellee.

Nos. 16113, 16114.

United States Court of Appeals Sixth Circuit.

Aug. 19, 1965.

Ivan E. Barris, Detroit, Mich. (Joseph W. Louisell, John F. Kane, Detroit, Mich., on the brief), for appellant.

Albert A. Miller, Detroit, Mich. (Garan, Lucow & Miller, Detroit, Mich., on the brief), for appellee.

Before MILLER, CECIL and PHIL-LIPS, Circuit Judges.

PER CURIAM.

This is an automobile-truck intersection collision case. The jury returned a verdict of no cause of action in favor of the defendant. On appeal plaintiff presents the single contention that the district judge committed reversible error in refusing to charge the jury to the effect that the defendant was guilty of negligence as a matter of law.

■ The accident occurred in Michigan. Jurisdiction is based on diversity of citizenship and Michigan law therefore controls. In McKinney v. Yelavich, 352 Mich. 687, 692, 90 N.W.2d 883, 885, the Supreme Court of Michigan said:

> "Only under the most extreme circumstances, those, in fact, where reasonable minds could not differ upon the facts, or the inferences to be drawn therefrom, can the case be taken from the jury. If honest differences of opinion between men of average intelligence might exist the issue should not be resolved by the court alone."

To like effect see Lober v. Sklar, 357 Mich. 166, 97 N.W.2d 617; Hileman v. Northwest Engineering Co., 6 Cir., 346 F.2d 668 (decided June 15, 1965, C.A. 6); Serratoni v. Chesapeake and Ohio Railway Co., 333 F.2d 621 (C.A. 6), cert. denied, 379 U.S. 960, 85 S.Ct. 648, 13 L.Ed. 2d 555.

■ Evidence was introduced to the effect that the driver of defendant's tractor-trailer came to a stop prior to entering a through highway, made observation for traffic and saw no vehicles approaching from his right, and then proceeded into the intersection. The accident occurred on November 29, 1960, at approximately 6:45 p. m. Defendant's vehicle was equipped with headlights, five amber lights across the top of the cab, four amber lights on the front corners of the trailer, an amber light at the top midpoint of the trailer, four red lights on the rear corners of the trailer and standard tail lights, all of which were in operation. After the front of defendant's vehicle had crossed all of the thirty-six foot intersection except the last five feet thereof, it was struck in the right side by plaintiff's automobile.

The plaintiff driver testified that he saw lights move forward into the intersection when he was 500 feet away; that when he was 150 feet from the point of impact he saw the truck pulling into the traffic lane in which he was traveling (at another point in his testimony he estimated this distance to have been 300 feet); that when he saw the truck he applied his brakes; that he was traveling at a rate of speed of thirty-five to forty miles per hour, and had slowed down to about twenty to twenty-five miles per hour when he struck the truck; and that his brakes were in good operating condition. Expert evidence was introduced to show that at a speed of thirty-five miles per hour plaintiffs could have stopped within a distance of sixty-three to eighty-two feet and that at a speed of forty miles per hour they could have stopped within a distance of eighty-two to one hundred eleven feet. Both vehicles were damaged severely.

We have reviewed the evidence and find that reasonable minds could differ upon the facts as presented. We therefore hold that the issue of negligence was properly submitted to the jury and that the district judge committed no error in refusing to charge the jury that defendant was guilty of negligence as a matter of law.

Affirmed.