SECURITY STORAGE & TRANSFER CO. *v.* QUIMBY.

1. MOTOR VEHICLES—EXCESSIVE SPEED—INTERSECTIONS—NEGLIGENCE
—CONTRIBUTORY NEGLIGENCE—FINDING OF COURT.
  Testimony that each of two motorists approached intersection of
  city streets at excessive speed and failed to use proper precau-
  tions where view was partially obstructed *held,* sufficient to
  justify finding of court in case tried without a jury that each
  was guilty of negligence.

2. SAME—NEGLIGENCE—DRIVERS APPROACHING INTERSECTION.
  Automobile drivers approaching street intersection at right
  angles to each other are each required to use such care under
  circumstances as would be required of ordinarily prudent per-
  son to avoid collision; and each may assume that other will
  conduct himself as reasonably prudent driver would under like
  circumstances.

Appeal from Superior Court of Grand Rapids;
Taylor (Thaddeus B.), J. Submitted June 7, 1934.
(Docket No. 63, Calendar No. 37,453.) Decided
September 18, 1934.

Case by Security Storage & Transfer Company, a
Michigan corporation,. against Irving Quimby for
damages sustained in a motor vehicle collision at a
street intersection. Judgment for defendant. Plain-
tiff appeals. Affirmed.

*Glocheski & Glocheski (Wencel Milanowski,* of
counsel), for plaintiff.

*Mason, Alexander, McCaslin & Cholette,* for de-
fendant.

NELSON SHARPE, C. J. This action is brought to
recover the damages sustained by plaintiff in a col-
lision between a truck owned by it and driven by an

employee named Broughton Wells and an automobile owned and driven by the defendant at the intersection of Weston street and La Grave avenue in the city of Grand Rapids, which occurred at about three o'clock in the afternoon of January 25, 1933. Plaintiff's truck approached the intersection from the west on Weston street. Defendant was driving in a northerly direction on La Grave avenue, which has a width of about 30 feet.

The case was tried before the court without a jury. He found that both drivers were guilty of negligence and entered a judgment for the defendant. Plaintiff has appealed therefrom.

Wells testified that, as he approached the intersection, he lessened his speed to about seven or eight miles per hour; that he looked in both directions and saw no car approaching; that his view was obstructed by a pop corn stand and cars parked on the street; that when more than half of the way across the street he first saw defendant's car approaching at a speed of about 30 miles per hour; that he was then "directly in the path of it;" that when he first entered La Grave avenue his view was unobstructed and if he had then looked and had seen defendant's car approaching he would have had ample time to have stopped the truck.

The defendant testified that he first saw plaintiff's truck when his car was about a car length from the intersection; that he was traveling about 15 or 20 miles per hour and had his car under perfect control; that plaintiff's truck was traveling 25 miles an hour when he first saw it; that a pop corn stand on the corner partially obscured his view and that cars were there parked on both sides of the street; that he applied his brakes and made an effort to stop his car but could not do so.

In our opinion the testimony submitted sustains the finding of the trial court that both drivers were guilty of negligence.   It can but be inferred that each of them assumed that the other would give him the right of way with the result, not unusual, in such cases.

The applicable rule is well stated in the syllabus in *Swainston* v. *Kennedy,* 253 Mich. 518:

"Automobile drivers approaching street intersection at right angles to each other are each required to use such care under circumstances as would be required of ordinarily prudent person to avoid collision; and each may assume that other will conduct himself as reasonably prudent driver would under like circumstances."

The judgment is affirmed.

POTTER, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.