KOWALSKI v. MALONE.

1. APPEAL AND ERROR—AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—JUDGMENT NOTWITHSTANDING VERDICT—EVIDENCE.
    On defendant's appeal from denial of his motion for judgment notwithstanding verdict in action arising out of collision between plaintiff's passenger car and defendant's truck at an intersection of gravel roads, wherein he claims plaintiff was guilty of contributory negligence as a matter of law, it is assumed that defendant's negligence was established and the record is construed in the light most favorable to plaintiff.

2. AUTOMOBILES—INTERSECTIONS—RIGHT OF WAY.
    Where two motor vehicles approach an intersection of two roads of equal importance at approximately the same time, the vehicle at the right has the right of way (CL 1948, § 256.-320).

3. SAME—INTERSECTIONS—STATUTES—RIGHT OF WAY—NEGLIGENCE.
    Plaintiff motorist who approached intersection of two graveled roads of equal importance at approximately the same time as defendant and at latter's right was nonetheless obligated

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error, § 947.
[2-7] 5 Am Jur, Automobiles, §§ 289-291, 297.
[2-7] Right of way at street or highway intersection. 21 ALR 974; 37 ALR 493; 47 ALR 595.
[3-7] 5 Am Jur, Automobiles, §§ 298, 431.

to use reasonable care in traversing the intersection as the statute giving the right of way to the motorist at the right does not abrogate his duty to exercise reasonable care (CL 1948, § 256.320).

4. SAME—NEGLIGENCE—DRIVERS APPROACHING INTERSECTION.
   Automobile drivers approaching street intersection at right angles to each other are each required to use such care under the circumstances as would be required of an ordinarily prudent person to avoid collision (CL 1948, § 256.320).

5. SAME—INTERSECTIONS—RIGHT OF WAY—CONTRIBUTORY NEGLIGENCE—EFFECTIVE OBSERVATION.
   Northbound plaintiff motorist on graveled highway 23' wide, who approached at speed of 15 to 20 miles an hour its right-angle intersection with another graveled road 20' wide upon which eastbound defendant trucker was hauling a 4-ton load of logs in second gear at 10 miles an hour *held,* guilty of contributory negligence as a matter of law, where she made an observation to the west while 6 or 8 feet south of the south line of the intersecting road, could see about 250 feet and, without stopping or materially lessening her speed or again looking to the left, there being a failure on her part to make effective observation as to oncoming traffic and have her car under reasonable control under the circumstances (CL 1948, § 256.320).

6. SAME—INTERSECTIONS—RIGHT OF WAY—STOPPING—EFFECTIVE OBSERVATION.
   A motorist who drives her car into an intersection of two roads of equal importance where she was hit by defendant's truck approaching from the left without indication of coming to a stop is barred from recovery by her contributory negligence, since she is chargeable with what she could have seen (CL 1948, § 256.320).

7. SAME—INTERSECTIONS—DUTY OF OBSERVATION.
   Generally, where view of intersection is open, observation by motorists approaching it must be made and maintained.

Appeal from Branch; Jacobs (Theo T.), J. Submitted October 5, 1949. (Docket No. 32, Calendar No. 44,529.) Decided December 7, 1949.

Case by Frances Kowalski against Forrest Malone for injuries sustained in an automobile accident.

Verdict and judgment for plaintiff. Defendant appeals. Reversed and judgment for defendant entered.

*Wm. H. Frankhauser (Jack R. Sutherland,* of counsel), for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin (Edward D. Wells,* of counsel), for defendant.

NORTH, J. This is an appeal by defendant Forrest Malone from a judgment against him in a suit arising out of an automobile collision. The accident occurred in the afternoon of March 1, 1947, at a right-angle intersection of 2 graveled highways near Bronson, in Branch county. There was some snow on the ground but the road was not icy nor were there other unusual or hazardous travel conditions. Neither of these intersecting highways had a stop sign nor was vehicular traffic on one given priority over that on the other. The traveled portion of the north-and-south road was approximately 23 feet wide and that of the east-and-west road approximately 20 feet wide. At the intersection the corners of the traveled portions were somewhat rounded.

Plaintiff was traveling north in a Ford tudor automobile between 15 and 20 miles per hour as she neared the intersection. She made her first observation for traffic approaching on the intersecting road when the front of her automobile was 6 to 8 feet south of the south line of the intersection. At that point, notwithstanding there were some sumac, brush and shrubs west of the intersection on the south side of the road, plaintiff had a view west along the highway about to a "slow." sign located on the south side of the east-and-west road 258 feet from the center of the intersection. Plaintiff testified that

she "did not see any traffic coming" and thought she would have time to cross the intersection safely.

Defendant, driving a truck with a 4-ton load of logs, was approaching the intersection from the west, driving in second gear at 10 miles per hour. He was familiar with the intersection. He knew about the "slow" sign and saw it. When defendant was 10 feet west of the center of the intersection he first saw plaintiff who was then about 15 feet south of the middle of the intersection. He testified he did not apply his brakes because he "was afraid the logs would go through my cab at that speed." Plaintiff did not see the oncoming truck until her car was in the intersection and just an instant before the impact. The collision occurred when plaintiff's automobile was "slightly to the north of the center of the intersection" on the east side of the north-and-south road. It happened so suddenly after she saw the truck that plaintiff did not have time to apply her brakes or otherwise avoid the accident. In an effort to avoid the collision defendant turned the truck to his left, and the impact occurred in the northeast portion of the intersection. The front end of the truck struck the Ford just back of the left front fender and at the left-hand door. The Ford was not tipped over. After the collision each of the vehicles came to rest near the northeast corner of the intersection.

At the close of plaintiff's proofs defendant made a motion for a directed verdict on the ground that plaintiff was guilty of contributory negligence as a matter of law. Ruling on this motion was reserved. It was renewed at the conclusion of all the proofs and decision again was reserved. Later defendant's motion for judgment notwithstanding the verdict was denied. On this appeal defendant's first contention is that the trial court was in error in denying defend-

ant's motion for judgment notwithstanding the verdict.

Defendant in support of its motion asserts plaintiff's contributory negligence as a matter of law primarily on the ground that she failed to exercise reasonable care in that she either did not make an observation for oncoming cross-traffic as she was about to traverse the intersection, or if (as she testified) she did make such observation she failed to see defendant's truck which must have been approaching clearly within the range of her vision and in such proximity to the intersection as to render plaintiff guilty of negligence in proceeding to cross the intersecting highway. In reviewing this phase of the record we assume that defendant's negligence was established, and on such review the record must be construed in the light most favorable to plaintiff. *Shank* v. *Lucker,* 296 Mich 705; *Saunders* v. *Joseph,* 300 Mich 479. Further, as plaintiff approached this intersection she was at the right of defendant's vehicle and had the right of way. CL 1948, § 256.320 (Stat Ann § 9.1580). Nonetheless plaintiff was obligated to use reasonable care in traversing the intersection. The statute does not abrogate the duty of the favored driver to exercise reasonable care. See *Kerr* v. *Hayes,* 250 Mich 19; *Smith* v. *Wassink,* 262 Mich 639. Quoting from *Swainston* v. *Kennedy* (syllabus), 253 Mich 518, in *Security Storage & Transfer Co.* v. *Quimby,* 268 Mich 259, we said:

"Automobile drivers approaching street intersection at right angles to each other are each required to use such care under circumstances as would be required of ordinarily prudent person to avoid collision."

The pertinent facts may be summarized as follows. Plaintiff testified that she was familiar with the intersection, that as she approached it she had

her car under control, that just before reaching the south line of the intersection she made an observation to the west along the intersecting highway and saw no approaching traffic. In support of the assertion that plaintiff's view was somewhat obstructed there is testimony that there were shrubs and brush along the south side of the intersecting road; but a map or drawing (which was received in evidence) prepared by plaintiff and her counsel discloses that these obstructions were not within the range of plaintiff's vision from the point where she testified she made an observation for oncoming traffic. Plaintiff testified she could see nearly to a "slow" sign located 258 feet west of the center of the intersection. She neither stopped nor materially lessened her forward progress as she entered the intersection, but continued at 15 to 20 miles per hour a distance of approximately 25 feet to the point of collision, which was somewhat north of the center line of the east-and-west highway, without again looking to her left until she saw the truck within the intersection just an instant before the impact.

The uncontradicted testimony is that defendant's truck was proceeding at 10 miles per hour, and did not slacken its speed prior to the impact. Hence from the uncontradicted physical facts this situation is disclosed. While plaintiff at 15 to 20 miles per hour drove 25 feet, defendant's truck at 10 miles per hour must have traveled a correspondingly lesser distance. The conclusion seems inescapable that when plaintiff made her observation for oncoming traffic defendant's truck must have been plainly within the reasonable range of her vision. Such would have been the fact even though defendant's truck was being driven much in excess of 10 miles per hour. Plaintiff was legally bound to use reasonable care in approaching and traversing the intersection. It was her duty not only to make rea-

sonably effective observation of whether there was oncoming traffic on the east-and-west road, but also to have her automobile under reasonable control in respect to avoiding a possible collision within the intersection. Our holdings in former cases about to be noted are applicable to the facts and circumstances presented in the instant case. In *Brenner* v. *Dykstra,* 289 Mich 301, we said:

"The physical facts in the instant case make it clear that plaintiff was guilty of contributory negligence as a matter of law."

· In a later case we said:

"It overtaxes one's credulity and belies the physical facts, under the circumstances of the case, to conclude that these 2 approaching vehicles were driven to the point of collision except each of the drivers was negligent." *Ayers* v. *Andary,* 301 Mich 418, 424.

"Plaintiff's decedent who drove car into intersection where he was hit by defendant's car which approached from decedent's left is chargeable with what he could have seen, that is, defendant's car approaching intersection without showing any indication of coming to a stop, hence, barred from recovery by his contributory negligence." *Slingerland* v. *Snell* (syllabus), 283 Mich 524.

"A motorist about to cross an intersecting highway is bound to look and to see what he should have seen if it was plainly visible." *Cramer* v. *Brictson* (syllabus), 286 Mich 224.

"Generally, where view of intersection is open, observation by motorists approaching it must be made and maintained." *Taylor* v. *Williamson* (syllabus), 298 Mich 251.

In view of our holding herein there is no need of reviewing other questions presented by appellant. His motion for judgment notwithstanding verdict

should have been granted. The case is remanded to the circuit court that the judgment entered may be vacated and one entered in accordance herewith. Defendant may have costs of both courts.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, DETHMERS, BUTZEL, and CARR, JJ., concurred.