TODD *v.* SIMONIS.

1. APPEAL AND ERROR—DISAGREEMENT OF JURY—JUDGMENT FOR DEFENDANT—EVIDENCE.

The Supreme Court views the evidence in the light most favorable to plaintiffs, where judgments were entered for defendants on their motion therefor following disagreement of the jury (CL 1948, § 691.701).

2. AUTOMOBILES—BICYCLES—CONTRIBUTORY NEGLIGENCE AS A MATTER OF LAW.

Recovery for injuries to minor bicyclist, inflicted in collision with defendants' car at a street intersection, would be barred as a matter of law if all reasonable men would agree that the minor was guilty of contributory negligence.

3. SAME—BICYCLES—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

Minor eastbound bicyclist *held,* not guilty of contributory negligence as a matter of law in colliding with defendants' northbound car at open street intersection, where evidence shows he had glanced southward before entering intersection and had not been able to see the car for 195 feet, it being within the jury's province to determine the car was not within the range of the bicyclist's vision and had traversed the distance from a point beyond his range of vision to the point of impact more quickly than would have been possible unless the car had been driven at an excessive speed, hence, judgment entered for defendants after disagreemnt of jury, on ground of contributory negligence of bicyclist was error (CL 1948, § 691.701).

Appeal from Macomb; Noe (Alton H.), J. Submitted April 4, 1963. (Calendar Nos. 27, 28, Docket Nos. 49,364, 49,365.) Decided June 3, 1963.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 885–887.
[2, 3] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 549–551.
Reciprocal duties of driver of automobile and bicyclist or motorcyclist. 172 ALR 736.

Case by Donald Todd, a minor, by Mildred Todd, next friend, against Phyllis Marie Simonis and Clarence Simonis for personal injuries sustained in collision of automobile and motor bike. Derivative suit by Harold Todd for medical expense. Cases consolidated for trial and on appeal. Following disagreement of jury, directed verdict rendered and judgments entered for defendants. Plaintiffs appeal. Reversed and remanded.

*Robert W. Moss,* for plaintiffs.

*William J. Eggenberger,* for defendants.

SOURIS, J. A jury was unable to agree upon verdicts in these consolidated negligence cases.[1] Thereupon, defendants moved for judgments, pursuant to our recently repealed (PA 1961, No 236) jury disagreement statute (CL 1948, § 691.701 [Stat Ann § 27.1471]), and judgments for defendants were entered by the trial judge supported by a written opinion in which he found plaintiff Donald Todd contributorily negligent as a matter of law. On appeal from such judgments we do not consider whether they conform with or do violence to the clear or overwhelming weight of the evidence, as we would upon review of decision upon a motion for new trial; instead, our task is the same one we face upon review of decisions on motions for directed verdict or for judgment *non obstante veredicto* (*McCullough* v. *Ward Trucking Company,* 368 Mich 108, 113). In the context of the case at bar, we

---

[1] There are 2 cases. The first is brought to recover for injuries to Donald Todd, a 14-year-old minor, resulting from a collision at an open residential intersection between Donald Todd riding eastward on a motor bike and defendant Phyllis Simonis driving northward in an automobile owned by her husband, the other defendant. The second case is brought to recover expenses incurred and to be incurred for medical repair of Donald Todd's injuries.

must determine, upon view of the evidence in the light most favorable to plaintiffs, whether all reasonable men would agree that plaintiff Donald Todd was guilty of contributory negligence. Only if all reasonable men would so agree, would the trial judge be entitled to rule as a matter of law that Donald Todd was guilty of contributory negligence and, thereby, barred from recovery against defendants.

The standard by which such motions are judged, at trial and appellate judicial levels, has been reaffirmed frequently in recent years. See *McCullough* v. *Ward Trucking Company, supra,* 110–113; *Barnebee* v. *Spence Brothers,* 367 Mich 46; *Normand* v. *Thomas Theatre Corporation,* 349 Mich 50; *Davis* v. *New York Central R. Company,* 348 Mich 262; and *Kaminski* v. *Grand Trunk Western R. Company,* 347 Mich 417. Each of the cited cases rests firmly upon the sound foundation of *Détroit & Milwaukee R. Co.* v. *Van Steinburg,* 17 Mich 99.

In the case at bar, application of this standard compels our reversal of defendants' judgments and remand for new trial. The trial judge's conclusion that Donald Todd was contributorily negligent rests upon fact findings that Donald "glanced" only once[2] in the direction from which defendants' car was approaching, that he failed "to see what was there to be seen" and that "any second observation * * * would certainly have disclosed the presence of the defendant." This last finding of fact, in turn, rests upon the judge's discount of testimony by 1 disinterested witness from which it could be inferred that Mrs. Simonis was exceeding the 25 miles per hour speed limit and upon his disregard of other

---

[2] On favorable view, Donald Todd testified that while traveling 5 miles per hour he looked southward when he was "just about opposite" a street sign about 20 feet west of the western edge of the north-south intersecting road and from that point could and did see 195 feet southward, beyond which point parked cars obstructed his view.

evidence of her own statement made at the scene to a police officer that she was traveling approximately 30 miles per hour. A jury would have been entitled to believe such evidence and to conclude therefrom (1) that the Simonis car was not in fact within Donald Todd's range of vision when he made timely observation southward,[3] and (2) that it covered the distance from a point beyond Donald Todd's range of vision to the point of impact more quickly than he was entitled reasonably to expect any lawfully driven vehicle from such point because the Simonis car was traveling at excessive speed. Thus viewing this testimonial record, and mindful that at least some members of the jury could not agree that it proved contributory negligence as a matter of fact, we cannot conclude, as did the trial judge, that Donald Todd was guilty of contributory negligence as a matter of law. This record recalls Justice COOLEY's often quoted lesson found in *Detroit & Milwaukee R. Co.* v. *Van Steinburg, supra,* 120–123, recently quoted by us in *Davis* v. *New York Central Railroad Company, supra,* 268–270, reference to which is recommended whenever like motions are presented for trial court decision.

Reversed and remanded. Costs to appellants.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SMITH, and O'HARA, JJ., concurred.

---

[3] Such possible conclusion, properly within the province of a jury to make on the testimonial record we review, distinguishes this case of Todd from our holdings in *Kowalski* v. *Malone,* 326 Mich 254; *Brenner* v. *Dykstra,* 289 Mich 301; and *Nelson* v. *Linderman,* 288 Mich 186, relied upon by defendants. In those 3 cases, the Court (professing to take the favorable view) concluded that the facts as claimed in plaintiffs' own testimony were manifestly incredible and compelled finding plaintiffs contributorily negligent.