## INGRAM v. HENRY.

1. Appeal and Error—Directed Verdicts—Contributory Negligence—Evidence.

The standard by which a directed verdict for defendant on the ground of contributory negligence of plaintiff is judged on appeal is whether, upon favorable-to-plaintiff view of the evidence, all reasonable men would agree that plaintiff was guilty of contributory negligence.

2. Automobiles—Intersections—Contributory Negligence—Evidence.

Evidence presented in eastbound plaintiff's action against southbound defendants for personal injuries sustained in collision at intersection of city streets not controlled by traffic signals *held*, to present a jury question as to contributory negligence of plaintiff, there being testimony that house in northwest quadrant obstructed view to within 75' from the intersection,

References for Points in Headnotes
[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 1011.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 737.
    Right and duty of motorist on through, favored, or arterial street or highway to proceed where lateral view at intersection is obstructed by physical obstacle. 59 ALR2d 1202.
[3] 38 Am Jur, Negligence § 286.
[4] 38 Am Jur, Negligence § 344 *et seq.*

that plaintiff was proceeding at 15 miles per hour and defendants' car at 40 miles per hour, and that plaintiff had looked north twice while within 75' from the intersection.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

The defendant has the burden of proving plaintiff was guilty of contributory negligence (Court Rule No 23, § 3a [1945, effective June 1, 1958]).

4. SAME—QUESTION FOR JURY.

What constitutes due care for one's own safety, like what constitutes negligent conduct toward others, is a question of fact and not of law, and, where a jury has been demanded, must usually be left for its determination.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted April 8, 1964. (Calender No. 14, Docket No. 50,311.) Decided September 2, 1964.

Case by George Carroll Ingram, Jr., against Ronald Lee Henry and Sewell Henry for personal injuries sustained in automobile collision April 1, 1961. Directed verdict and judgment for defendants. Plaintiff appeals. Reversed and remanded for new trial.

*Stiles & Fowler* (*Charles R. Stiles,* of counsel), for plaintiff.

*Newman & Mackay* (*Donald A. Jones,* of counsel), for defendants.

SOURIS, J. In *Todd* v. *Simonis,* 370 Mich 342,[1] a negligence case, we reversed a judgment for defendants after jury disagreement,[2] which judgment was based upon the trial judge's finding that he should have directed a verdict for defendants be-

[1] *Todd* v. *Simonis* was decided by this Court on June 3, 1963, after the trial judge had directed a verdict for defendants and denied plaintiff's motion for new trial but 5 months before the first appellate brief was filed herein. Nonetheless, and notwithstanding its striking pertinence to the issues presented here, it is not cited in either appellant's or appellees' briefs.

[2] CL 1948, § 691.701 (Stat Ann § 27.1471), repealed by PA 1961, No 236.

cause plaintiff was contributorily negligent as a matter of law. In the process of reversing that judgment, we noted that the standard by which directed verdicts are judged on appeal is whether, upon favorable-to-plaintiff view of the evidence, all reasonable men would agree that plaintiff was guilty of contributory negligence. In support we cited 5 recent decisions of this Court (*McCullough* v. *Ward Trucking Co.*, 368 Mich 108; *Barnebee* v. *Spence Brothers*, 367 Mich 46; *Normand* v. *Thomas Theatre Corp.*, 349 Mich 50; *Davis* v. *New York Central R. Co.*, 348 Mich 262; and *Kaminski* v. *Grand Trunk Western R. Co.*, 347 Mich 417), each of which relied, in turn, upon *Detroit & Milwaukee R. Co.* v. *Van Steinburg*, 17 Mich 99. In the *Todd Case* the trial judge planted his decision that plaintiff was guilty of contributory negligence upon fact findings that plaintiff had looked in the direction from which defendants' car was approaching, but that he failed " 'to see what was there to be seen' " and that he failed thereafter to look again. Our reversal was based upon the ground that a jury might have concluded from the evidence that defendants' car was traveling so fast that when plaintiff looked, defendants' car had not yet entered plaintiff's limited range of vision, but that it thereafter covered the distance to the point of impact more quickly than plaintiff was entitled reasonably to expect any lawfully driven vehicle, beyond his range of vision when he first looked, to reach that point.

This case of Ingram presents the same equivocal factual circumstance which impelled our reversal of the judgment entered in *Todd*. Plaintiff's vehicle was traveling eastward along Linden street near its intersection with Orchard street in the city of East Lansing. Defendants' vehicle was traveling southward along Orchard. Neither street was controlled by traffic signals. Plaintiff testified that he looked

at least twice northward along Orchard while within 75 feet of the intersection and that defendants' vehicle was not, on either occasion, within his range of vision. There was testimony that a dwelling at the northwest quadrant of the intersection obstructed the view of both drivers so that neither driver could see beyond 75 feet from the intersection along the other driver's route when he himself was 75 feet from the intersection.[3] Defendants offered no evidence that as plaintiff approached the intersection plaintiff's view along Orchard was enlarged beyond 75 feet; nor, *per contra,* did plaintiff show affirmatively that his view along Orchard extended no farther than 75 feet north of the intersection, for example, perhaps because Orchard dipped as it extended northward, or curved, or, perhaps, because parked cars or other objects on Orchard obstructed plaintiff's view from Linden beyond that point. In short, with reference to the extent of plaintiff's view the record made below, upon view favorable to plaintiff and with due regard for defendants' burden[4] of proof with reference to their claim that plaintiff was contributorily negligent, discloses only that plaintiff's range of vision along Orchard never exceeded 75 feet north of the intersection and that, at no time while he had such view and could have stopped to avoid the collision was defendants' vehicle therein.

As in *Todd* v. *Simonis, supra,* there was evidence that defendants' vehicle was exceeding the 25-miles-per-hour speed limit which governed vehicular traffic in that area. The evidence was such that a jury

---

[3] There was also testimony that a picket fence, 3 or 4 feet high, enclosed the dwelling located at the northwest quadrant of the intersection, but that vehicles approaching the intersection along Orchard could be observed over the fence from Linden.

[4] See our former Court Rule No 23, § 3a (1945), which was added April 14, 1958, effective June 1, 1958 (352 Mich xiv), and which was in force at the time of trial herein. See currently applicable GCR 1963, 111.7.

could have found that defendants' vehicle was travel-
ing 40 miles per hour or even substantially faster
(one witness testified defendants' car "looked like
it was a bullet coming"). If defendants' car was
traveling at 40 miles per hour, or 58.6 feet per second,
it would have traveled the 75 feet north of the inter-
section, along which plaintiff had a view, in less than
one second and a half. Plaintiff, on the other hand,
was traveling at 15 miles per hour, or 22 feet per
second, and would have required almost 4 seconds
to traverse 75 feet to the intersection.

On such record, the trial court concluded, none-
theless (the defendants' burden of proving contribu-
tory negligence considered), that plaintiff, having
made observation from Linden along Orchard, should
have observed defendants' vehicle somewhere along
Orchard, within or beyond the 75 feet north of the
intersection, and his failure to see defendants' ve-
hicle, therefore, constituted contributory negligence
on his part. It was error to conclude as a matter
of law on this record that defendant's vehicle could
have been seen by plaintiff in time to avoid collision
by exercise of due care for his own safety. As we
have said repeatedly in recent years (see *Ackerberg*
v. *Muskegon Osteopathic Hospital,* 366 Mich 596,
*Hoag* v. *Fenton,* 370 Mich 320, and *Todd* v. *Simonis,
supra*), what constitutes due care for one's own
safety, like what constitutes negligent conduct to-
ward others, is a question of fact and not of law.
As such it must usually be left for determination
by the jury, where a jury has been demanded.

Reversed and remanded for new trial. Costs may
be taxed.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK,
SMITH, O'HARA, and ADAMS, JJ., concurred.