## ST. LOUIS *v.* FISHER & COMPANY, INC.

1. NEGLIGENCE—PARKING GARAGEKEEPERS—INVITORS.

   Parking garagekeeper, as invitor, owes a duty to its customers and patrons to maintain its premises in a reasonably safe condition and to exercise due care to prevent the existence of a situation which it knows or should know might result in injury.

2. SAME—GARAGES—INSTRUCTIONS.

   Instructions given in garage patron's action for injury when he fell on greasy place on defendant's floor that had been provided for pedestrian passage *held*, to have fairly and fully presented the law applicable to the issues, when considered as a whole.

3. APPEAL AND ERROR—COLLOQUY BETWEEN COURT AND COUNSEL—FAIR TRIAL.

   Whether or not appellant was denied a fair and impartial trial is the test to be applied in reviewing claim that court committed prejudicial error in his verbal exchanges with appellant's coun-

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  24 Am Jur, Garages, Parking Stations, and Liveries § 16.
[2]  5 Am Jur 2d, Appeal and Error § 894.
[3]  5 Am Jur 2d, Appeal and Error § 549.
[4]  5 Am Jur 2d, Appeal and Error § 776 *et seq.*
[5]  38 Am Jur, Negligence § 344.
     24 Am Jur, Garages, Parking Stations, and Liveries § 61.
[6]  38 Am Jur, Negligence §§ 344, 348.
     24 Am Jur, Garages, Parking Stations, and Liveries § 61.

sel, where the exchanges were somewhat extended and irrelevant to the question before the court.

4. SAME—COLLOQUY BETWEEN COURT AND COUNSEL—PREJUDICE.

Colloquy between trial court and appellant's counsel, although somewhat extended and irrelevant to the question before the court *held*, not such as to justify conclusion that appellant had been prejudiced in the eyes of the jury thereby, the record indicating appellant had received fair consideration by the jury.

5. NEGLIGENCE—QUESTION FOR TRIER OF FACTS.

The question of negligence is one of law for the court only where the facts are such that all reasonable men must draw from them the same conclusions, otherwise it is for the trier of the facts.

6. SAME—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY—GREASE ON FLOOR OF PARKING GARAGE.

The questions of negligence and contributory negligence were properly left to jury in patron's action against parking garage-keeper for injuries sustained when patron fell on grease-covered pedestrian passageway over which he had passed several days a week for 3 years without having seen grease on the passageway and grease blended with the color of the floor.

Appeal from Wayne; Weideman (Carl M.), J. Submitted Division 1 January 14, 1965, at Detroit. (Docket No. 228.) Decided April 19, 1965. Leave to appeal denied by Supreme Court July 21, 1965.

Complaint by Lyman C. St. Louis against Fisher & Company, Inc., a Michigan corporation, for personal injuries sustained in a fall on a garage floor. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Davidson, Gotshall, Kelly, Halsey & Kohl* (*John R. Secrest,* of counsel), for plaintiff.

*Ward, Plunkett, Cooney, Rutt & Peacock* (*John D. Hayes* and *Charles T. McGorisk,* of counsel), for defendant.

WATTS, J. Civil action by Lyman C. St. Louis against Fisher & Company, Inc., a Michigan corpo-

ration, for personal injuries sustained in a fall. Verdict and judgment for the plaintiff. Defendant appeals.

Plaintiff, a salesman employed by a company with offices on the 22d floor of the Fisher Building, Detroit, leased parking space for his automobile on the 5th floor of the adjoining Fisher Building garage. On January 20, 1960, he used an 11th floor unmarked pedestrian passageway to walk to the garage elevators. After taking several steps (10 to 12 feet), he slipped and fell on grease on the garage floor, sustaining injuries. He claims he did not see any grease until after his fall, at which time he noticed some grease on his shoe and clothing which matched the grease on the floor.

Prior to his entry into the garage, a car had been driven from the grease rack on a lower level to the 11th floor and was parked on the pedestrian passageway for a short period of time. The attendant on the 11th floor testified that he saw plaintiff fall but did not see the grease until after the fall.

Plaintiff claims that defendant breached its duty to maintain the premises in a reasonably safe condition. Defendant denies any negligence and claims that plaintiff was guilty of contributory negligence.

As invitor, defendant owed a duty to its customers and patrons, including plaintiff, to maintain its premises in a reasonably safe condition and to exercise due care to prevent the existence of a situation which defendant knew or should have known might result in injury. *Torma* v. *Montgomery Ward & Co.* (1953), 336 Mich 468, 476. In *Blakeley* v. *White Star Line* (1908), 154 Mich 635, 637 (19 LRA NS 772, 129 Am St Rep 496); the Supreme Court quoted with approval the following from Cooley on Torts (1st ed), p 605:

"One is under no obligation to keep his premises in safe condition for the visits of trespassers. On the other hand, when he expressly or by implication invites others to come upon his premises, whether for business or for any other purpose, it is his duty to be reasonably sure that he is not inviting them into danger, and to that end he must exercise ordinary care and prudence to render the premises reasonably safe for the visit."

Appellant claims that the court erred in its instructions to the jury. However, the court's instructions to the jury when considered as a whole fairly and fully presented the law applicable to the issues and were sufficient. *Martiniano* v. *Booth* (1960), 359 Mich 680; *Graham* v. *United Trucking Service* (1950), 327 Mich 694; *Samuelson* v. *Olson Transportation Co.* (1949), 324 Mich 278.

Appellant further argues that the court committed prejudicial error in his verbal exchanges with defense counsel. Although these exchanges between defense counsel and the judge were somewhat extended and irrelevant to the question before the court and may have caused defense counsel some irritation and annoyance, the test to be applied is whether or not what occurred prevented appellant from having a fair and impartial trial. *Patrick* v. *Carrier-Stevens Co.* (1959), 358 Mich 94. The record does not justify a conclusion that defendant was prejudiced in the eyes of the jury by the said verbal exchanges. The record indicates that defendant received fair consideration by the jury and that the jurors were not influenced or prejudiced by the colloquies of which appellant complains.

Appellant further claims that the lower court erred in refusing to grant its motion for directed verdict both as to its negligence and plaintiff's contributory negligence.

Did the record raise a question of fact as to whether or not defendant exercised proper precautions to enable its customers to enter the garage from a doorway and use a pedestrian passageway to the elevators with reasonable assurance of safety?

The question of negligence is considered one of law for the court only where the facts are such that all reasonable men must draw from them the same conclusions. *Barnebee* v. *Spence Bros.* (1962), 367 Mich 46; *Baldinger* v. *Ann Arbor R. Co.* (1964), 372 Mich 685. It cannot be said from the record before this Court that all reasonable men would draw the same inferences from the facts in the instant case.

Neither may it be said that plaintiff was guilty of contributory negligence as a matter of law. He entered the same doorway to the garage and used the same pedestrian passageway to the elevators five times a week for a period of three years. During that time he had never seen grease on the pedestrian passageway. Plaintiff had no reason to anticipate that the garage attendant would park a recently greased motor vehicle on the passageway. He had no reason to anticipate the presence of grease in the area. After the accident he did see grease on the floor. The color of the grease blended with the color of the floor. His explanation for failure to see the grease is not illogical. Under the circumstances suggested by his testimony, it does not appear that a reasonable, careful, and prudent person would have acted otherwise. A reasonable person could have considered plaintiff free from contributory negligence. The question became one of fact for determination by the jury. *Ingram* v. *Henry* (1964), 373 Mich 453.

Judgment affirmed. Costs to plaintiff-appellee.

LESINSKI, C. J., and J. H. GILLIS, J., concurred.