## FRIES v. MERKLEY.

1. NEGLIGENCE—BUSINESS PREMISES—INVITORS.

One who expressly or by implication invites others to come upon his premises for business purposes has the duty to be reasonably sure that he is not inviting them into danger, and to that end he must exercise ordinary care and prudence to render his premises safe for the visit.

2. SAME—MILK RECEIVING PLANT—CUSTOMS OF THE INDUSTRY.

Evidence is allowable of the general customs of milk receiving plants, similarly situated to that of defendants, of what an ordinarily prudent person would do under the circumstances in an action by a milk truck driver who was injured in a slip and fall in defendant's milk receiving plant because of defendant's negligence in not cleaning slippery floor.

3. SAME—MILK RECEIVING PLANT—CUSTOMS AND USAGES.

Failure of defendants, who operated a dairy with a milk receiving plant, to remove butterfat-soap solution from the floor on which it collected in the process of washing out milk tank trucks, failure to provide adequate lighting in milk receiving plant, and failure to provide a safety device or services such as opening milk tank truck's hatch at top of tank, all of which practices were common throughout the industry *held*, sufficient to make defendant's negligence a question for the jury.

4. SAME—QUESTION OF LAW.

Negligence is considered a question of law for the court only where the facts are such that all reasonable men must draw from them the same conclusion.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Negligence §§ 92, 96.
[2] 38 Am Jur, Negligence §§ 317–319.
[3] 38 Am Jur, Negligence §§ 131, 133, 134, 136, 332.
[4] 38 Am Jur, Negligence § 344.
[5] 38 Am Jur, Negligence §§ 199, 348.
[6] 5 Am Jur 2d, Appeal and Error § 545.

5. Same—Contributory Negligence—Slip and Fall Case.

Contributory negligence of plaintiff, in action against defendant dairy operator for injuries received in a slip and fall due to slippery substance on floor of defendant's milk receiving plant, *held*, a question of fact for the jury, where the record contains some evidence that the lighting was not sufficient to allow him to observe the floor carefully, and that he did not become fully aware of the presence of a slippery mixture of butterfat and detergent resulting from washing out of milk truck tank until after he had fallen.

6. Appeal and Error—Trial—Admission of Evidence—Objection.

Specific objections to the admission of evidence of the customs of other similarly situated milk receiving plants, in action against defendant dairy operator for injuries received in slip and fall due to slippery substance on floor of defendant's milk receiving plant, not properly made at trial, cannot be raised on appeal (GCR 1963, 516.2).

Appeal from Genesee; Newblatt (Stewart A.), J. Submitted Division 2 April 4, 1967, at Lansing. (Docket No. 2,429.) Decided November 21, 1967.

Complaint by Henry Fries against Forbes K. Merkley and Martha K. Merkley, doing business as Genesee Dairy Company, for personal injuries received in a fall at defendants' milk receiving station. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Martin & Martin,* for plaintiff.

*Ransom, Fazenbaker & Ransom (Gault, Davison & Bowers,* of counsel), for defendants.

McGregor, J. Appellee herein was a motor truck hauler of bulk raw milk, delivering milk to various dairy receiving plants in central Michigan, and was on his first delivery to appellants. Appellee generally made deliveries to other plants and the evi-

dence showed that at other receiving plants in the
area, an employee of the receiver would usually
mount to the top of the tank truck and open the
cover of the tank, and make other preparations to
pump the raw milk out of the tank. Evidence also
disclosed that equipment for mounting to the top
of the truck tank was provided by other area re-
ceiving plants. The evidence further disclosed that
appellee was directed by the appellants' employee
in the positioning of his truck for unloading and
was further directed to open the cover on the top
of the milk truck tank. When the truck came to its
final unloading position, the truck wheels were on
blocks so as to tilt the milk truck tank, causing
the milk to run to the rear of the tank for unloading
and the subsequent washing-out process. There was
evidence presented by appellee as to inadequate
lighting, that there were no facilities provided by
the plant to enable appellee to mount to the top
of the tank, and that he proceeded to the top by
placing one foot on the left rear axle of his truck
and pulling himself up to the catwalk on top to
remove the tank cover. There was a short ladder
fixed to the side of the tank and he descended
thereon to a position where he placed one foot on
the left rear tire and dropped one foot to the floor,
at which point he suffered injury when he slipped
and fell backwards to the floor, striking a milk case
in his fall.

After each load has been emptied, at other similar
receiving plants, the milk tank is washed out by
a plant attendant who crawls inside the tank and
washes it out with soap and water, whereupon the
cover of the tank is replaced; the bulk milk hauler
himself does nothing in regard to the closing of the
cover. In comparable receiving plants, an attend-
ant employee opens and closes the cover of the tank.
Also, there was evidence that after the hauler backs

his truck out of the receiving room, in other similar receiving plants, the attendant scrubs the floor clean of waste material.

The receiving plant was owned and operated by appellants in conjunction with their dairy. Appellee alleged that the appellants owed a duty to him as a business invitee to operate their receiving plant in conformity with the customs of the trade and to provide a safe mounting ladder and platform to reach the top of the hauler's tank; that they failed to fulfill that duty and that such failure was the proximate cause of his fall. The appellants claimed that they did not breach any duty which they owed to the appellee, and that the appellee himself was contributorily negligent. The jury returned a verdict of $35,000 damages to the appellee.

Appellants' motion for a directed verdict, judgment *non obstante veredicto* and a new trial were denied.

On this appeal, appellants raise four points:

(1) As a matter of law, appellee failed to sustain the burden of proof as to appellants' negligence;

(2) As a matter of law, appellee was contributorily negligent in his conduct;

(3) The court erred in admitting testimony as to bulk milk unloading procedures in receiving plants situated outside of the city of Flint and at other than appellants' dairy plant;

(4) The trial court erred in failing to give cautionary instructions about the evidentiary effect of practices in other dairy receiving plants.

The case of *St. Louis v. Fisher & Company, Inc.* (1965), 1 Mich App 55, involves a factual situation analogous to the facts of this case. There, the plaintiff slipped on a grease spot on the floor of a passageway of a parking structure. He had regularly walked in that passageway for three years. The

grease spot resulted from a freshly lubricated car being parked on the passageway. The court concluded, first, that there was a duty flowing from the owner of the lot to the invitee (p 58):

" 'One is under no obligation to keep his premises in safe condition for the visits of trespassers. On the other hand, when he expressly or by implication invites others to come upon his premises, whether for business or for any other purpose, it is his duty to be reasonably sure that he is not inviting them into danger, and to that end he must exercise ordinary care and prudence to render the premises reasonably safe for the visit.' Cooley on Torts (1st ed), p 605."

The court next concluded that the testimony supported the jury's verdict of negligence.

In the instant case, appellee produced evidence that the floor of appellants' plant was not washed down, as was the practice in other area milk receiving plants, after each delivery of milk, and that there was a greasy substance on the floor of appellants' plant which appeared to be a combination of butterfat, foam and soap. General customs and usage at other receiving plants in the area was competent evidence and was admissible. There is no dispute that the appellee is an invitee in the present case. The duty flowing from the appellants to the appellee is that set out in Cooley on Torts, *supra*. The failure of appellants to remove the butterfat-soap solution from the floor, the failure of appellants to provide adequate lighting, the failure of appellants to provide a safety device or services —*e.g.*, opening the hatch at the top of the tank—all of which practices are common throughout the industry, are sufficient to raise the jury question of appellants' negligence.

"The question of negligence is considered one of law for the court only where the facts are such that all reasonable men must draw from them the same conclusion." *St. Louis* v. *Fisher & Company, Inc.,* *supra,* p 59.

After a close perusal of the record presented, we cannot conclude that all reasonable men would draw the same inferences from the facts presented.

The same standard of review applies to the question of appellee's contributory negligence. Could the jury consider his actions as those of a reasonable man in the circumstances? Did he have reason to anticipate the excess of slippery solution on the tire and the floor? Was the lighting not sufficient to allow him to observe the floor carefully? The record indicates that he did not become fully aware of the presence of the slippery substance on the floor until after he had fallen. The question of the reasonableness of his actions is one of fact for the jury. *Ingram* v. *Henry* (1964), 373 Mich 453.

Appellants' third and fourth points may be discussed together. Evidence of the customs of other similarly situated milk receiving plants is admissible. *Kawbawgam Hotel Company* v. *Michigan Gas & Electric Company* (1964), 372 Mich 507. The specific objections now raised as to admissibility thereof were not properly made at trial. They cannot be raised now. *Kocks* v. *Collins* (1951), 330 Mich 423. The instructions given to the jury on the effect of the evidence of custom in the industry are as follows:

"Now there's been evidence submitted to you on behalf of the plaintiff and defendant as to practices and usages by other dairies engaged in the same activity as the defendant. This evidence that's been offered by both the plaintiff and the defendant has been received on the basis of what is ordinarily done by others engaged in a similar activity, and has

some relevancy as to what an ordinarily prudent person would do under the same circumstances. You may consider what other persons do; that is, evidence of practices and usages in the trade in this area. If you find them pertinent you may consider them in determining whether or not the defendant breached his duty to exercise reasonable care on behalf—towards the business-invitee, Mr. Fries, or to determine and may consider the question of contributory negligence of Mr. Fries in his relationship on the premises."

This jury charge, when read as a whole, presents the applicable law. When the trial court concluded the jury charge and requested of trial counsel notice for errors, omissions, and corrections, the appellants said they were satisfied and made no specific objections thereto. The trial court concluded in his written opinion denying appellants' motion for a new trial:

"There appears no situation where GCR 1963, 516.2 could be more applicable than this situation where counsel was totally silent throughout the trial on a particular subject, had ample opportunity to prepare a requested instruction, failed to do so, and expressed no complaint as to the instruction given."

Also, see *Snyder* v. *New York Central Transport Company* (1966), 4 Mich App 38. GCR 1963, 516.2 is as follows:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

Appellants did not save the alleged error in the trial court's instruction for review. An examina-

tion of the entire transcript convinces this Court that from the record made there was sufficient evidence to present to the jury the question of the defendant's negligence and the plaintiff's contributory negligence. This was a well-tried case and we agree with the learned trial judge's denial of appellants' motions.

Affirmed. Costs to appellee.

QUINN, P. J., and MILLER, J., concurred.