### SCHULTE v THE DETROIT EDISON COMPANY

1. Negligence—Judgment Notwithstanding the Verdict—Evidence—Appeal and Error.

   Summary dispositions of negligence cases are to be employed only in the clearest cases and in reviewing a trial court's grant for judgment notwithstanding the verdict the Court of Appeals must view the facts and all legitimate inferences therefrom in the light most favorable to the plaintiff; if reasonable men could honestly differ as to a defendant's negligence on the facts presented, then it is error for the trial court to grant a defendant's motion for judgment notwithstanding the verdict.

2. Negligence—Evidence—Customs and Usages—Question for Jury.

   Evidence of the violation of a custom of the trade is sufficient evidence of negligence to allow a case to go to the jury.

3. Negligence—Judgment Notwithstanding the Verdict—Evidence—Customs and Usages.

   The granting of a motion for a judgment notwithstanding the verdict in a trial for damages resulting from injuries to a child when an aluminum pole made contact with defendant's high voltage transmission lines in an area where children were frequently at play was error where testimony was presented from which the jury could properly have found that the defendant was negligent in constructing a 40,000 volt transmission line over property used as a playground and that the defendant violated the custom of the industry in placing the transmission wires where it did.

Appeal from Wayne, Paul Harvey, J. Submitted Division 1 June 5, 1973, at Detroit. (Docket No. 14386.) Decided October 31, 1973. Leave to appeal denied, 391 Mich 774.

Complaint by Hal F. Schulte, Jr., for himself

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 5 Am Jur 2d, Appeal and Error § 524.
[2] 21 Am Jur 2d, Customs and Usages § 39.

and as next friend of Roger A. Schulte, for damages resulting from injuries sustained by Roger A. Schulte when he contacted defendant's power line. Judgment for the defendant notwithstanding verdict for plaintiff. Plaintiff appeals. Reversed and remanded.

*Goodman, Eden, Millender, Goodman & Bedrosian,* for plaintiff.

*Fischer, Franklin & Ford,* for defendant.

Before: BRONSON, P. J., and V. J. BRENNAN and WALSH,* JJ.

V. J. BRENNAN, J. Plaintiff appeals from a decision of the Wayne County Circuit Court granting defendant's motion for judgment notwithstanding the verdict (GCR 1963, 515.2) overturning an award granted to him by the jury of $550,000.

Hal F. Schulte, Jr., brought this action individually and as next friend of Roger A. Schulte who was injured when a long aluminum irrigation pipe, which he and two other boys were holding, contacted a 40,000-volt transmission line erected and maintained by defendant. The precise manner in which the accident occurred was not revealed at the trial because Roger, apparently suffering from partial amnesia as a result of the accident, was unable to recollect any of the events that occurred on the night of the accident. Evidence presented at the trial reveals, however, that the three boys attempted to erect a long aluminum pipe on a vacant lot owned by the City of Ann Arbor and used by the neighborhood children as a playground. In this attempt the pipe apparently contacted the defendant's power line, killing one of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the boys and severely injuring the other two. Roger suffered severe burns over portions of his body, had one leg amputated below the knee and had a part of his other foot amputated also.

In his complaint plaintiff alleged that the defendant was negligent for failing to use due care in the erection of the power lines, for failing to use due care in the maintenance of the power lines and for failing to warn the public that the power lines were high voltage transmission wires. Plaintiff also sought to hold defendant liable on counts of trespass and nuisance. After plaintiff closed his proofs, the trial judge directed a verdict against him but plaintiff was then allowed to reopen his case and present additional evidence. After both sides completed their presentation, the case was allowed to go to the jury who awarded judgment in favor of plaintiff for $550,000. The trial court then granted defendant's motion for judgment notwithstanding the verdict.

The evidence presented at the trial reveals that the power lines were erected across the lot by defendant and that the lines were 40,000-volt transmission wires. Although the power lines were first proposed to be erected directly through the middle of the lot, they were subsequently located nearer its edge after a resident of the area informed defendant that the lot was used as a play area by children. Residents of the area also testified that they did not know that the lines were high voltage. No warning signs were posted either in or around the lot. On cross-examination, Roger admitted, however, that he knew that an electric transmission line crossed the lot and that he knew that such lines were dangerous.

Evidence presented at the trial also reveals that the lot on which the accident occurred had been

used by the neighborhood children as a play area
for approximately 18 to 20 years. Although the lot
was not an official park or playground of the city,
it was located adjacent to the Huron Municipal
Golf Course and maintained by their personnel.
The lot was owned by the City of Ann Arbor and
acquired to create a buffer zone between the golf
course and nearby residences. Mr. Sheldon
Sproull, former Superintendent of Parks for Ann
Arbor, testified that he was not aware that the lot
was used for any purpose other than that of a
buffer zone for the golf course. He stated that he
went by the lot periodically and noticed that per-
sons other than golfers were on the lot but that
they were not often there. Residents of the area
testified, however, that the lot was frequently used
by children as an area on which to fly kites or
model airplanes and as a general play area.

Plaintiff presented Mr. Edwin S. Cay, a land-
scape architect for the Department of Parks and
Recreation of the City of Detroit, as an expert
witness on the issue of safety in the construction
of power lines over parks and playgrounds. He was
not allowed to testify as to matters of electrical
safety, however, because he was not qualified as an
expert in this area. He was allowed to testify,
though, without objection, that it was not custom-
ary to erect power lines across recreational areas.
The plaintiff was also allowed to read into the
record portions of a deposition of Mr. Paul M.
Hoffrichter, a Service Planning Supervisor of the
Detroit Edison Company. Mr. Hoffrichter stated
that it was customary to avoid placing high power
lines over areas used as parks by children, espe-
cially designated parks. On the other hand, de-
fendant presented Mr. Allen Price, Director of
Lines Engineering for Detroit Edison Company,

who, in effect, testified that there was no custom with regard to the placing of power lines over play areas.

Summary dispositions of negligence cases are to be employed only in the clearest cases. *Davis v Thornton,* 384 Mich 138; 180 NW2d 11 (1970). In reviewing a trial court's grant of a motion for judgment notwithstanding the verdict, this Court must view the facts and all legitimate inferences therefrom in the light most favorable to the plaintiff. *Marietta v Cliffs Ridge, Inc,* 385 Mich 364; 189 NW2d 208 (1971); *Kroll v Katz,* 374 Mich 364; 132 NW2d 27 (1965). If reasonable men could honestly differ as to defendant's negligence on the facts presented, then it is error to grant a defendant's motion for judgment notwithstanding the verdict. *Anderson v Gene Deming Motor Sales, Inc,* 371 Mich 223; 123 NW2d 768 (1963); *Sparks v Luplow,* 372 Mich 198; 125 NW2d 304 (1963).

Defendant's motion for judgment notwithstanding the verdict was granted by the trial judge because he said there was not any competent evidence on the issue of negligence to submit to the jury. The trial judge stated that there was no competent evidence presented on the issue of custom and, further, that evidence of the violation of a custom of the trade is not sufficient to allow the case to go to the jury.

Viewing the evidence presented in this case in the light most favorable to the plaintiff, we hold that it was error for the trial court to grant defendant's motion for judgment notwithstanding the verdict. Testimony was presented from which the jury could properly have found that the defendant was negligent in constructing a 40,000-volt transmission line over property used as a playground. Evidence was presented from which the

jury could have found that in placing the transmission wires where they did the defendant violated the custom of the industry.

We also disagree with the trial court's statement that although violation of a custom is evidence of negligence, it is not sufficient for submission of the case to the jury. While the authorities which the learned trial judge cites support his statement of the law, they do not reflect the current state of the law in Michigan.

In *Kawbawgam Hotel Co v Michigan Gas & Electric Co,* 372 Mich 507; 127 NW2d 377 (1964), an explosion in the plaintiff's hotel was caused by the ignition of gas which came from the defendant's broken gasline. Defendant's employees had earlier supervised an excavation and backfilling around the pipe. The only evidence of negligence presented was that the method of backfilling employed during the operation did not comport with the ordinary practice of the gas company. Our Supreme Court ruled that a judgment notwithstanding the verdict was improperly granted because a factual question of negligence was presented.

*Fries v Merkley,* 8 Mich App 177; 154 NW2d 50 (1967), is to the same effect.

We hold, therefore, that under *Kawbawgam* and *Fries, supra,* it was error for the trial court to grant defendant's motion for judgment notwithstanding the verdict.

Reversed and remanded for proceedings not inconsistent with this opinion. Costs to the plaintiff.

All concurred.