*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

IAN ALEXIS,

        Plaintiff-Appellant,

v

DANTE CERRONI,

        Defendant-Appellee.

UNPUBLISHED
February 11, 2026
10:59 AM

No. 373117
Oakland Circuit Court
LC No. 2023-203227-NO

Before: RICK, P.J., and YATES and MARIANI, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order awarding summary disposition to defendant under MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

This premises-liability case arises out of plaintiff's slip-and-fall accident on defendant's porch steps. On February 25, 2023, plaintiff made a delivery to defendant's house for a cookie company. Defendant's daughter had broken her arm, and her godparents had ordered her cookies. The godparents paid for the delivery, and defendant was unaware that the order had been placed or was to be delivered. At the time plaintiff made the delivery, approximately one inch of snow had accumulated on defendant's porch steps. Defendant had not removed the snow or put down salt. After delivering the cookies, plaintiff fell when leaving defendant's porch.

Plaintiff then filed the instant lawsuit against defendant, alleging that he was an invitee on defendant's property and that defendant breached the duty owed to him as such, causing his fall and resulting injuries.[1] Defendant answered and eventually moved for summary disposition under

---

[1] Plaintiff's complaint alleged two counts against defendant—one labeled as a premises-liability claim, and the other as a negligence claim. Both claims were based on defendant's status and obligations as owner of the property in question, and both below and on appeal, plaintiff has not argued that the claims were meaningfully distinct for purposes of defendant's motion for summary disposition or challenged the dismissal of his negligence claim on any grounds separate from his premises-liability one.

MCR 2.116(C)(10), arguing that plaintiff was a licensee and defendant had not breached any duty owed to him. Plaintiff responded, maintaining that he was an invitee and there were questions of fact regarding defendant's breach of that corresponding duty. After holding a hearing on the motion, the trial court issued an opinion and order agreeing with defendant's position and granting defendant summary disposition. This appeal followed.

## I. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, 109; 1 NW3d 44 (2023). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of a complaint." *Id*. (quotation marks and citation omitted). Under MCR 2.116(C)(10), the trial court may grant summary disposition for the moving party when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." A genuine issue of material fact exists if "reasonable minds could differ on an issue after reviewing the record in the light most favorable to the nonmoving party." *Kandil-Elsayed*, 512 Mich at 110 (quotation marks and citation omitted).

## II. DISCUSSION

On appeal, plaintiff argues that the trial court erred by granting defendant summary disposition because he was an invitee on defendant's property at the time he fell.[2] We disagree.

"All negligence actions, including those based on premises liability, require a plaintiff to prove four essential elements: duty, breach, causation, and harm." *Id.* at 110. In the premises-liability context, the question of duty centers on the relationship between the defendant as a premises possessor and the plaintiff as a visitor on those premises. *Id*. at 110-111. A plaintiff's status as a trespasser, licensee, or invitee on the premises dictates the level of duty owed, and of protection afforded, to the plaintiff. *Id*. at 111-112.

According to plaintiff, he was an invitee on defendant's property and so defendant owed him "the highest level of protection under premises liability law"—namely, the "duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." *Id.* at 112, 148 (quotation marks and citation omitted). The "affirmative duty to protect" that land possessors owe to their invitees stems from the "special relationship" between them:

> An "invitee" is a person who enters upon the land of another upon an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises, and make it safe for the invitee's reception. [*Id.* at 111 (cleaned up).]

---

[2] Plaintiff has not disputed, below or on appeal, that if he was not an invitee on defendant's property, defendant would be entitled to summary disposition.

-2-

"Generally speaking, 'invitee status is commonly afforded to persons entering upon the property of another for business purposes.' " *Id.*, quoting *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 597; 614 NW2d 88 (2000). As our Supreme Court elaborated in *Stitt*, 462 Mich at 603-604:

> [T]he imposition of additional expense and effort by the landowner, requiring the landowner to inspect the premises and make them safe for visitors, must be directly tied to the owner's commercial business interests. It is the owner's desire to foster a commercial advantage by inviting persons to visit the premises that justifies imposition of a higher duty. In short, we conclude that the prospect of pecuniary gains is a sort of quid pro quo for the higher duty of care owed to invitees.

Applying this settled precedent here, we see no error in the trial court's conclusion that plaintiff was not defendant's invitee at the time that he fell on defendant's steps. There is no dispute that plaintiff was on defendant's property solely to deliver a purchase made by someone else, which was unbeknownst to and unsolicited by defendant. Defendant himself did not "invit[e] [plaintiff] to visit [his] premises," he received no "pecuniary gain" from plaintiff doing so, and the delivery was not "tied to [defendant's] commercial business interests." *Id.* It was the delivery of a gift for defendant's daughter from her godparents, which defendant had no role in ordering or purchasing. Plaintiff may have had an implied license to enter onto defendant's property to make that unsolicited delivery. See *Kelsey v Lint*, 322 Mich App 364, 372; 912 NW2d 862 (2017) (recognizing the "implied license that permits ordinary persons to enter property, approach a home, and knock"). Under the facts of this case and the governing legal standards, however, he was not defendant's invitee.

Plaintiff stresses that defendant received a benefit from the delivery because he did not have to pick up the cookies or arrange for their delivery himself, but we fail to see how defendant's receipt of a general and unsolicited benefit, alone, would transform plaintiff into his invitee. Nor has plaintiff offered anything to suggest that, had the godparents taken it upon themselves to bring their surprise gift to defendant's home, they would have been defendant's invitees in so doing. See generally *Stitt*, 462 Mich at 596 (explaining that social guests are typically licensees). It is not apparent why, in this case, plaintiff's relationship to defendant—and plaintiff's corresponding status on defendant's property—would be any different simply because the godparents hired plaintiff to deliver their gift for them.

Resisting this conclusion, plaintiff offers a variety of analogies, but none is availing. Plaintiff points to a handful of cases from this Court recognizing delivery drivers as invitees; unlike here, however, those cases all involved plaintiffs invited by defendants onto their business premises for reasons "directly tied to the [defendants'] commercial business interests." *Id.* See *Marr v Yousif*, 167 Mich App 358, 359-360; 422 NW2d 4 (1988) (plaintiff robbed while delivering merchandise to defendants' store); *Mills v AB Dick Co*, 26 Mich App 164, 166; 182 NW2d 79 (1970) (plaintiff injured while on premises of defendant's business for which he made deliveries);

*Fries v Merkley*, 8 Mich App 177, 178-180; 154 NW2d 50 (1967) (plaintiff injured while delivering milk to defendants' dairy receiving plant).[3]

Similarly, plaintiff cites certain cases where invitee status was recognized as at least potentially applicable to a visitor on residential property. Unlike here, however, the plaintiffs in those cases were invited onto the residential property pursuant to some form of transactional agreement with the residential property-owner. See *Kroll v Katz*, 374 Mich 364, 366-367; 132 NW2d 27 (1965) (plaintiff brought onto premises by defendant premises-possessor to perform plumbing repairs); *White v Badalamenti*, 200 Mich App 434, 436-437; 505 NW2d 8 (1993) (plaintiff on defendants' property to pick up her daughter, whom defendants were babysitting pursuant to "a mutually beneficial, albeit informal, exchange of services"). As discussed, plaintiff had no such invitation from or agreement with defendant in this case. Lastly, plaintiff likens delivery drivers to mail carriers, pointing to unpublished authority treating the latter as invitees. See, e.g., *Anderson v Morrissett*, unpublished per curiam opinion of the Court of Appeals, issued October 1, 2019 (Docket No. 344401). But that authority, aside from being nonbinding, is readily distinguishable: unlike regular mail delivery, which occurs as a matter of course, there is nothing in the facts of this case to suggest that defendant had any reason to expect the delivery at issue, let alone had extended an invitation to plaintiff, implied or otherwise, to make that delivery to his home. See *Kandil-Elsayed*, 512 Mich at 111 (confirming that an invitee "enters upon the land of another upon an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises, and make it safe for the invitee's reception") (cleaned up).

In sum, under controlling standards and the undisputed facts of this case, we find no error in the trial court's conclusion that plaintiff was not defendant's invitee at the time of his fall. Accordingly, we see no basis in plaintiff's arguments on appeal to reverse the trial court's award of summary disposition to defendant.

Affirmed.

/s/ Michelle M. Rick
/s/ Christopher P. Yates
/s/ Philip P. Mariani

---

[3] It also bears noting that decisions from this Court have found delivery drivers not to be invitees in various circumstances. See, e.g., *Spraga v Kuntzman*, unpublished per curiam opinion of the Court of Appeals, issued November 19, 2015 (Docket No. 325891), p 4; *Callison v Hatzel & Buehler, Inc*, unpublished per curiam opinion of the Court of Appeals, issued July 17, 2012 (Docket No. 301729), p 3. See also *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017) (explaining that unpublished opinions are not binding but may be considered for their instructive or persuasive value).